UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES FISHER,

             Plaintiff,

v.

LEONARD CARVER III, et al.,

             Defendants.

CASE NO. C11-5931BHS

ORDER GRANTING
DEFENDANTS' MOTIONS
FOR SUMMARY JUDGMENT
AND ORDERING PLAINTIFF
TO SHOW CAUSE

     This matter comes before the Court on Defendants David Hofner's ("Hofner") and Travess Forbush's ("Forbush") motions for summary judgment (Dkts. 26 & 29). The Court has reviewed the brief filed in support of the motions and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

     On November 14, 2011, Plaintiff James Fisher ("Fisher") filed a complaint against numerous defendants, including Hofner and Forbush. Dkt. 1. Fisher alleges that, on March 12, 2008, the Defendants searched his residence, destroyed personal property during the search, and seized other personal property that has not been returned. *Id*.

     On January 24, 2012, Hofner filed a motion for summary judgment. Dkt. 26. On January 31, 2012, Forbush filed a motion for summary judgment. Dkt. 29. Fisher failed to respond to either motion.

ORDER - 1

## II. DISCUSSION

**A.   Summary Judgment**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

In this case, Fisher asserts a 42 U.S.C. § 1983 claim against Hofner and Forbush. Section 1983 does not contain its own statute of limitations, so courts utilize the limitations period applicable to personal injury actions in the forum state. *See Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011). In Washington, the statute of limitations applicable to personal injury actions is three years. RCW 4.16.080(2).

The last involvement that Fisher had with either Hofner or Forbush was March 12, 2008. Fisher filed his complaint three years and six months later. Therefore, Fisher's claims are barred by the statute of limitations.

**B.   Show Cause**

Upon review of the complaint, it appears that the majority of Fisher's claims are barred by the statute of limitations. Moreover, the Court has now granted three motions for summary judgment that Fisher has failed to respond to. It appears that the only claim that Fisher has asserted that may not be barred is based on his allegation that some defendant(s) may still be in possession of his property without probable cause. Fisher **must** show cause as to what claims are based on allegations regarding the retention of his property or otherwise respond to this order no later than March 16, 2012. Failure to respond **will** result in **dismissal** of his claims **with prejudice**.

## III.   ORDER

Therefore, it is hereby **ORDERED** that Hofner's and Forbush's motions for summary judgment (Dkts. 26 & 29) are **GRANTED**. Fisher must show cause or

otherwise respond to this order no later than March 16, 2012.  Failure to respond **will result in dismissal** of his claims **with prejudice**.

The Clerk is directed to strike all pending deadlines in this action.  If Fisher responds, the Court will consider resetting the deadlines.

DATED this 27th day of February, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3